BEFORE THE NEBRASKA COMMISSION ON
JUDICIAL QUALIFICATIONS



**FILED**

**JUN 23 2023**

S-23-0469 NEBRASKA SUPREME COURT
COURT APPEALS

In the matter of                    )        JQC: 2023-023
MICHAEL P. BURNS,                   )
County Judge of the Tenth Judicial  )        PUBLIC REPRIMAND
District of Nebraska.               )

Pursuant to the authority granted in Article V of the Nebraska Constitution and Neb. Rev. Stat. § 24-715 et. seq., and following waiver of formal hearing, the Nebraska Commission on Judicial Qualifications (JQC) hereby issues this Public Reprimand of Judge Michael P. Burns. Its publication is intended to address the specific conduct of the subject judge and to instruct the judiciary concerning similar circumstances. The JQC finds and concludes as follows:

1. Judge Michael P. Burns was and is a duly appointed judge of the County Court for the Tenth Judicial District of Nebraska.

2. On March 16, 2023, during a noon break from his judicial duties, Judge Burns received a message from a County Clerk Magistrate that a charge had been filed against a person whose name the Clerk Magistrate recognized as Judge Burns' friend and parish priest.

3. Although the matter had not yet been assigned to any judge, Judge Burns' relationship with the defendant was such that he would have been disqualified from hearing it.

4. The charge was a misdemeanor offense related to driving away from a local convenience store without paying for gas. In the normal course of her duties, the Clerk Magistrate would process the filing and pursuant to it, a citation would be issued to the defendant with a court appearance date.

5. Judge Burns felt certain the defendant had not intentionally committed the offense. He instructed the Clerk Magistrate to hold off processing the charge so he could look into the circumstances.

6. Judge Burns then initiated a phone call to the County Attorney who had filed the charge, in which he explained his relationship with the defendant and his belief that there must be a mistake. He asked if further investigation might be warranted before proceeding, and provided the defendant's phone number to pass along to law enforcement.

7. Next, Judge Burns contacted the defendant, notifying him of the charge and encouraging him to follow up with law enforcement to resolve the legal matter.

- 1 -



000103414NSC

8. Judge Burns reported his own conduct to the JQC the same day. He disclosed his conduct to colleagues and encouraged them to cooperate with the JQC.

9. Although Judge Burns reassured the Clerk Magistrate that her own inquiry to him was correct, his response to her inquiry was not. He failed to instruct her that he had a conflict of interest and could not take any action. He should have declined to take any action.

10. Although Judge Burns intended to defer to the County Attorney's judgment, his initiation and continuation of communication with the prosecutor were improper.

11. Although Judge Burns reasoned he was helping his parish priest avoid the public embarrassment of an unjust minor criminal charge, he was only able to do so by virtue of his judicial position, using knowledge and contacts afforded to him as a judge.

12. Judge Burns engaged in conduct prejudicial to the administration of justice that brings the judicial office into disrepute pursuant to Neb. Rev. Stat. § 24-722, in violation of the following provisions of the Nebraska Code of Judicial Conduct:

§ 5-301.2 Promoting Confidence in the Judiciary. A judge shall act at all times in a manner that promotes public confidence in the independence, integrity and impartiality of the judiciary and shall avoid impropriety and the appearance of impropriety.

. . . .

§ 5-301.3 Avoiding Abuse of the Prestige of Judicial Office. A judge shall not abuse the prestige of judicial office to advance the personal or economic interests of the judge or others, or allow others to do so.

. . . .

§ 5-302.1 Giving Precedence to the Duties of Judicial Office. The duties of judicial office, as prescribed by law, shall take precedence over all of a judge's personal and extrajudicial activities.

. . . .

§ 5-302.12 Supervisory Duties. (A) A judge shall require court staff, court officials, and others subject to the judge's direction and control to act in a manner consistent with the judge's obligations under this Code.

13. Moreover, Judge Burns' misconduct set forth the above-created confusion and concern among his colleagues about his authority and their own obligations, and left incorrect impressions about the processing of the underlying criminal matter. These are reasonable and expected reactions to Judge Burns' misconduct, no matter how well-intentioned and no matter his personal confidence in the

- 2 -

defendant's innocence. A judge cannot underestimate the position in which he places others who are subject to his authority or control, and if the judge has a reputation for integrity, his colleagues are even more likely to assume such conduct must be permissible.

14. Judge Burns' several communications occurred on the same day and as part of a single event. He has no history of prior discipline. He has expressed embarrassment and remorse and has acknowledged the consequences, albeit unintended, of this misconduct. Judge Burns also took the important step of immediately reporting his own conduct, and he fully cooperated with the JQC and encouraged all others to do so, thereby justifying discipline no more severe than this Reprimand.

Dated this 23rd day of June, 2023.

COMMISSION ON JUDICIAL QUALIFICATIONS

By: _____

Michael G. Heavican, Chief Justice
Commission Chair